UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:24-cv-01887-JLS-PD                                              Date: May 1, 2024

Title: Marlon Antonio Munguia et al v. Penske Truck Leasing, Co. et al

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Charles Rojas | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                                                        Not Present

**PROCEEDINGS:** **(IN CHAMBERS) ORDER (1) DENYING PLAINTIFF'S MOTION TO REMAND FOR UNTIMELY REMOVAL; (2) DENYING AS MOOT THE PARTIES' JOINT REQUEST FOR REMOTE APPEARANCES (Doc. 16); AND (3) TO SHOW CAUSE RE: REMAND FOR LACK OF SUBJECT-MATTER JURISDICTION**

Before the Court is Plaintiff Marlon Antonio Munguia's motion to remand to state court, which Defendants MKTS LLC and Mohammed Nezar-Hatem Al Hijazi opposed. (Mot., Doc. 12; Opp., Doc. 15.)  The Court finds this matter appropriate for decision without oral argument; therefore, the hearing set for May 3, 2024, at 10:30 a.m. is VACATED and the parties' joint request for remote appearances (Request, Doc. 16) is DENIED AS MOOT.  Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.  For the reasons explained below, the Court DENIES Plaintiff's motion to remand for untimely removal.

Plaintiff filed this action in California state court on December 22, 2023.  (Compl., Doc. 2 at 33–40.)  The complaint "did not provide any basis on which to ascertain whether the value of the amount in controversy exceeds $75,000." (NOR, Doc. 2 ¶ 2; *see generally* Compl.)  On February 7, 2024, Plaintiff's Counsel sent Defense Counsel an email stating that the amount in controversy is "beyond $75,000 in this case" (Email, Doc. 2, Ex. 3), thereby providing the "other paper" allowing for removal within 30 days pursuant to 28 U.S.C. § 1446(b)(3).  Because Defendants' notice of removal was not docketed until March 12, 2024, the Court understood Defendants' removal to be untimely.  (*See* Order re: Untimeliness, Doc. 11.)  However, Defendants explained in their opposition that they had timely filed their notice of removal on March 8, but it was

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:24-cv-01887-JLS-PD                               Date: May 1, 2024

Title: Marlon Antonio Munguia et al v. Penske Truck Leasing, Co. et al

not docketed due to a clerical error until March 12.  (Opp. at 3.)  Therefore, Plaintiff's motion to remand for untimely removal is DENIED.

      However, the Court has other concerns with Defendants' notice of removal.  One of the Defendants—MKTS, LLC—is a limited liability company.  (*Id.* ¶ 7.)  For purposes of diversity jurisdiction, "an LLC is a citizen of every state of which its owners/members are citizens."  *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).  But Defendants do not identify or allege the citizenship of MKTS, LLC's owners/members.  (*See* NOR, Doc. 2 ¶ 7.)  Additionally, another named Defendant in this action—Penske Truck Leasing, Co.—is identified as a Delaware corporation, but Defendants do not allege that corporation's principal place of business in their notice of removal.  (*See generally id.*)

      As a result, the Court cannot assure itself of subject-matter jurisdiction.  Therefore, Defendants are ORDERED to show cause, in writing, no later than **seven days** from the date of the Order, why the Court should not remand this action to state court for lack of subject-matter jurisdiction.  Plaintiff has **seven days** thereafter to submit any response.  No further briefing is permitted.  Neither side's briefing shall exceed **five pages**.  Following submission of the parties' briefing, the matter will be deemed under submission and the Court will thereafter issue an order.

                                        Initials of Deputy Clerk:  cr